ROBINS KAPLAN LLP
Roman M. Silberfeld, Bar No. 62783
RSilberfeld@RobinsKaplan.com
Breton A. Bocchieri, Bar No. 119459
BBocchieri@RobinsKaplan.com
2049 Century Park East, Suite 3400
Los Angeles, CA 90067-3208
Telephone: 310 552 0130
Facsimile:  310 229 5800

Attorneys for Plaintiff Alice Looking Ltd.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

<table>
<tr><td>

ALICE LOOKING LTD.,

          Plaintiff,

v.

THE WALT DISNEY COMPANY,
WALT DISNEY PICTURES, INC.,
DISNEY ENTERPRISES, INC.,
DISNEY CONSUMER PRODUCTS,
INC., THE DISNEY STORE, INC.,
THE DISNEY STORE, LLC,
DISNEY STORE USA, LLC,

          Defendants.

</td><td>

Case No. 2:17-cv-247

**COMPLAINT FOR:**

1.    Trademark Infringement and False Designation of Origin Under 15 U.S.C. §1125(a)
2.    Trademark Infringement Under 15 U.S.C. §1114
3.    California Common Law Unfair Competition
4.    California Common Law Trademark Infringement
5.    California Statutory Unfair Competition

**JURY TRIAL DEMANDED**

</td></tr>
</table>

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

Plaintiff ALICE LOOKING LTD. allege the following for its Complaint against Defendants THE WALT DISNEY COMPANY, WALT DISNEY PICTURES, INC., DISNEY ENTERPRISES, INC., DISNEY CONSUMER PRODUCTS, INC., THE DISNEY STORE, INC., THE DISNEY STORE, LLC, DISNEY STORE USA, LLC (collectively, "Defendants") as follows:

## NATURE OF THE ACTION

1.      This action arises from Defendants' intentional infringement of Plaintiff's well-known "ALICE THROUGH THE LOOKING GLASS®" trademarks, which have been used in connection with a wide variety of products, from apparel to chessboards. With full knowledge of Plaintiff's marks, rights, uses and applications, Defendants turned from negotiations and decided instead to willfully infringe Plaintiff's well known marks.

2.      Defendants are selling its infringing products in the same channels of trade and even in some of the very same stores that sell products bearing Plaintiff's mark, all in a bid to unfairly trade upon the goodwill, recognition, and popularity that Plaintiff's Marks enjoy among the purchasing public.

3.      In this matter, Plaintiff brings causes of action for trademark infringement in violation of 15 U.S.C. 1114(1), false designation of origin in violation of 15 U.S.C. § 1125(a), as well as trademark infringement and unfair competition in violation of the common law of the State of California. Plaintiff seeks equitable relief and damages.

## JURISDICTION AND VENUE

4.      This Court has original subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121(a) and pursuant to 28 U.S.C. §§ 1331 and 1338. The Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over the claims arising under California law because all of the claims herein arise out of a common nucleus of operative facts.

5.      This Court has personal jurisdiction over Defendants because Defendants maintain a continuous business presence within the State of California and are doing business in the State of California. The Court also has personal jurisdiction over Defendants because Defendants distribute the infringing products in this District.

/ / /

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

6.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) & (c) because Defendants are subject to personal jurisdiction in this District and a substantial part of the events giving rise to Plaintiff's claims, including Defendants' infringing acts, occurred in this District.

## THE PARTIES

7.     Alice Looking Ltd. is a company incorporated under the laws of England & Wales and has a registered address and principal place of business at 14 Cecil Court, London WC2N 4HE, United Kingdom.

8.     Defendants are all affiliated companies operating generally under the Disney banner.

9.     Defendants make films, associated creative material and affiliated merchandise and products.

## PLAINTIFF'S FAMILY OF MARKS

10.     Plaintiff's federal registrations of ALICE THROUGH THE LOOKING GLASS® are set out below:

| ALICE THROUGH THE LOOKING GLASS® | Reg. No. 4,623,589<br>Filing Date: October 4, 2013<br>Serial No. 86083535<br>Reg. Date: April 29, 2014 | **Class 35** |
|---|---|---|
| ALICE THROUGH THE LOOKING GLASS® | Reg. No. 4,880,037<br>Filing Date: March 20, 2015<br>Serial No: 86570899<br>Reg. Date: January 5, 2016 | **Class 16; Class 28** |
| ALICE THROUGH THE LOOKING GLASS® | Reg. No. 4,962,932<br>Filing Date: July 22, 2015<br>Serial No. 86701483<br>Reg. Date: May 24, 2016 | **Class 30** |

ROBINS KAPLAN LLP<br>ATTORNEYS AT LAW<br>LOS ANGELES

| ALICE THROUGH THE LOOKING GLASS® | Reg. No. 5,017,105<br>Filing Date: December 16, 2015<br>Serial No. 86851260<br>Reg. Date: August 9, 2016 | **Class 25** |
|---|---|---|
| ALICE THROUGH THE LOOKING GLASS® | Reg. No. 5,036,457<br>Filing Date: February 3, 2016<br>Serial No. 86895844<br>Reg. Date: September 6, 2016 | **Class 14** |

The above registrations are attached hereto as Exhibits A-E.

## **OVERVIEW OF ALICE LOOKING LTD.**

11.    In 2011, Co-founder Jake Fior discovered Sir John Tenniel's original hand painted "Through the Looking Glass" chessboard. Fior's discovery sparked a journey of the imagination which became the magical brand and boutique, Alice Looking Ltd. and mark ALICE THROUGH THE LOOKING GLASS®.

12.    Today, Alice Looking Ltd. is a high-end luxury company.

13.    Plaintiff has operated a boutique store based in the West End of London since 2011.

14.    The company specializes in ALICE THROUGH THE LOOKING GLASS® iconography and related goods and services.

15.    The company is the only "ALICE THROUGH THE LOOKING GLASS®" heritage brand.

16.    Since its founding in 2011, the company and the boutique store have received substantial positive press coverage—both within the United Kingdom and in the United States. For example:

USA Today July 22, 2014 ranked the store as the number one shop to visit in London.

/ / /

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

1   Time Out and The Evening Standard favorably reviewed the store and

2   Business Insider listed the store as "Coolest Small Businesses in

3   London."

4       17.    As the public increasingly recognized Plaintiff's brand, sales

5   increased and the company expanded both within the UK and in the USA. Within

6   the UK, the company has collaborated and licensed with various UK retailers and

7   "pop up" shops: Selfridges (London), Brown Thomas (Ireland), Harrods (London),

8   Fenwick (London-Bond Street), Institute of Contemporary Arts (London), and

9   Heywood Hill (London). Within the US, Plaintiff has a License for chess boards

10  with "Chess and Bridge" through May 2018, for clothing with Saks, Macy's, AJ's

11  Fine Foods, Pusateri's and, for chocolates with Charbonnel.

12      18.    To further expand its business, Plaintiff launched a transactional

13  website in October 2015.

14      19.    Plaintiff has engaged in the promotion of its marks in the U.S.

15  Plaintiff's mark and products are advertised and available for purchase in the U.S.

16  on the websites of Saks, Macy's, Google Shopping, Amazon and others.

17      20.    Looking forward, the further expansion efforts of Plaintiff's business

18  operations have been stymied through Defendants' conduct.

19  **BACKGROUND OF DEFENDANTS' WILLFUL INFRINGEMENT**

20      21.    Defendants were aware of Plaintiff's marks since at least December

21  2014. In connection with Defendants' announced intention to make and release a

22  film using Plaintiff's trademarks, Defendants were put on notice of Plaintiff's

23  marks. In a December 9, 2014 initial letter from Plaintiff's counsel, Defendants

24  were advised as follows:

25      "The marketing of the Film under terms identical to the Mark is

26      plainly of concern to Our Client because it is also likely that members

27      of the public will associate Our Client's products under the Mark with

28      products (the Film and associated merchandise) of Disney's.

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

Furthermore given the significant resources that Disney has available (and will no doubt utilize) for marketing, it is likely Our Client's Mark will be swamped by Disney's use of the Mark and that members of [the] public may therefore believe that Our Client is seeking to trade off Disney's film."

22.　　Plaintiff's representatives then met with two Disney representatives in January 2015. Disney indicated they would make an offer to co-exist under the ALICE THROUGH THE LOOKING GLASS® trademarks and present "marketing opportunities" but instead wanted only to show its film to a group of Plaintiff's customers.

23.　　Since that initial meeting, the parties continued negotiations through the spring and into the summer of 2015. Plaintiff negotiated through their attorney, who exchanged e-mails with Defendant's counsel. In one of Plaintiff's last substantive communication with Defendants, Disney misled plaintiff into thinking it would not market infringing products by saying to Plaintiff that, if an agreement could not be reached, Defendants would instead utilize a different merchandising mark.

24.　　Defendants have attempted to register one or more marks similar to those of Plaintiff. For example, the US Patent and Trademark Office refused registration of Disney Enterprises, Inc.'s application number 86827745 for "DISNEY ALICE THROUGH THE LOOKING GLASS®" on the grounds, *inter alia*, of likelihood of confusion with Plaintiff's registration.

## SALES OF INFRINGING PRODUCTS

25.　　In or about May 2016, Defendants began producing and selling merchandise bearing plaintiff's "ALICE THROUGH THE LOOKING GLASS®" mark. These products, both within Defendants' own retail stores and through license agreements with other retail outlets, infringe plaintiff's marks. The

/ / /

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

1    infringing products include clothing, make up products and chess boards, among

2    others.

3        26.    Defendants' infringing activities have caused and will continue to

4    cause confusion or mistake, or will deceive the public into thinking that Plaintiff's

5    company is the source of Defendants' infringing products or that the infringing

6    products are sponsored, authorized, or endorsed by, or affiliated, connected, or

7    associated with, Plaintiff. Defendants conduct has been intentional, willful,

8    reckless, and in bad faith.

9        27.    Defendants' infringing activities have caused and will continue to

10    cause Plaintiff grave and irreparable harm. Unless restrained and enjoined by this

11    Court, Defendant will persist in its unlawful activities, thereby causing further

12    damage and irreparable harm to Plaintiff and to the public interest.

13

14                     **FIRST CLAIM FOR RELIEF**

15      **(Trademark Infringement and False Designation of Origin**

16                **Under 15 U.S.C. § 1125(a))**

17        28.    Plaintiff hereby repeats, re-alleges, and incorporates by reference

18    paragraphs 1-27 of this Complaint as though fully set forth herein.

19        29.    Defendants use of ALICE THROUGH THE LOOKING GLASS® in

20    interstate commerce in marketing their accused goods and services.

21        30.    This is an action for trademark infringement and false designation of

22    origin arising under 15 U.S.C. § 1125(a).

23        31.    As a result of the widespread use and promotion of ALICE

24    THROUGH THE LOOKING GLASS® marks they have acquired secondary

25    meaning to consumers and potential customers because consumers and potential

26    customers have come to associate Plaintiff with their goods and services.

27    / / /

28

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

32.    Defendants have infringed Plaintiff's Marks, and created a false designation of origin, by using in commerce, without Plaintiff's permission, trademarks confusingly similar to the ALICE THROUGH THE LOOKING GLASS® Marks, in connection with the advertisement offering for sale, and or sale of the accused goods and services.

33.    Defendants' actions are likely to cause confusion and mistake, or to deceive as to the affiliation, connection, or association of Plaintiff and/or as to the origin, sponsorship, or approval of Defendants' goods, services, or commercial activities, in violation of 15 U.S.C. § 1125(a).

34.    Defendants have infringed the ALICE THROUGH THE LOOKING GLASS® marks with the intent to trade upon Plaintiff's reputation and goodwill by causing confusion and mistake among customers and the public and to deceive the public into believing the accused goods and services are associated with, sponsored by, endorsed by, or approved by Plaintiff, when they are not.

35.    Upon information and belief, Defendants had actual knowledge of Plaintiff's ownership and prior use of the ALICE THROUGH THE LOOKING GLASS® Marks, and without consent of Plaintiff, have willfully violated 15 U.S.C. § 1125(a).

36.    Defendants had actual knowledge of Plaintiff's ownership and prior use of the ALICE THROUGH THE LOOKING GLASS® Marks, and without consent of Alice Through The Looking Glass®, have willfully violated 15 U.S.C. § 1125(a).

37.    Defendants' aforementioned acts have damaged Plaintiff in an amount to be determined at trial.

38.    By their actions, Defendants have irreparably injured Plaintiff. Such irreparable injury will continue unless Defendants are preliminarily and permanently enjoined by this Court from further violation of Plaintiff's rights, for which Plaintiff has no adequate remedy at law.

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

## SECOND CLAIM FOR RELIEF

### (Trademark Infringement Under 15 U.S.C. § 1114)

39.    Plaintiff hereby repeats, re-alleges, and incorporates by reference paragraphs 1-38 of this Complaint as though fully set forth herein.

40.    This is a claim for trademark infringement arising under 15 U.S.C. § 1114.

41.    Plaintiff owns valid and enforceable registered trademarks for the ALICE THROUGH THE LOOKING GLASS® Marks, including at least the registrations listed in Paragraph 10 above.

42.    Defendants have used in commerce, without permission from Plaintiff, colorable imitations, and/or confusingly similar marks to the ALICE THROUGH THE LOOKING GLASS® Marks of at least in connection with the distribution, selling, offering for sale, advertising, and/or promoting of the Defendants goods and services. Such use is likely to cause confusion or mistake, or to deceive.

43.    Upon information and belief, the activities of Defendants complained of herein constitute infringements of Plaintiff's trademarks, and Defendants did so with the intent to trade upon Plaintiff's reputation and goodwill by causing confusion and mistake among customers and the public and to deceive the public into believing that Defendants' goods and services are associated with, sponsored by, originated from, or are approved by Plaintiff, when they are not.

44.    Upon information and belief, Defendants had actual knowledge of Plaintiff's ownership and prior use of Plaintiff's registered marks, and has willfully violated 15 U.S.C. § 1114.

45.    Upon information and belief, Defendants had actual knowledge of Plaintiff's ownership and prior use of Plaintiff's registered marks, and has willfully violated 15 U.S.C. § 1114.

/ / /

46. Upon information and belief, Defendants' aforementioned acts have damaged Plaintiff in an amount to be determined at trial.

47. Upon information and belief, Defendants' aforementioned acts have irreparably injured Plaintiff. Such irreparable injury will continue unless Defendants are preliminarily and permanently enjoined by this Court from further violation of Plaintiff's rights, for which Plaintiff has no adequate remedy at law.

## THIRD CLAIM FOR RELIEF

(California Common Law Unfair Competition)

48. Plaintiff hereby repeats, re-alleges, and incorporates by reference paragraphs 1-47 of this Complaint as though fully set forth herein.

49. This is a claim for unfair competition arising under California common law.

50. Defendants' acts complained of herein constitute unfair competition under California common law.

51. By virtue of the acts complained of herein, Defendants have willfully and intentionally caused a likelihood of confusion among the purchasing public in this Judicial District and elsewhere, thereby unfairly competing with Plaintiff in violation of the common law of the state of California.

52. Defendants' aforementioned acts have damaged Plaintiff in an amount to be determined at trial.

53. Defendants have irreparably injured Plaintiff. Such irreparable injury will continue unless Defendants are preliminarily and permanently enjoined by this Court from further violation of Plaintiff's rights, for which Plaintiff has no adequate remedy at law.

54. Defendants' willful acts of unfair competition under California common law constitute fraud, oppression and malice. Accordingly, Plaintiff is entitled to exemplary damages pursuant to Cal. Civ. Code Section § 3294(a).

/ / /

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

## FOURTH CLAIM FOR RELIEF

### (California Common Law – Trademark Infringement)

55.     Plaintiff hereby repeats, re-alleges, and incorporates by reference paragraphs 1–54 of this Complaint as though fully set forth herein.

56.     This is a claim for California common law trademark infringement.

57.     Plaintiff's use of the ALICE THROUGH THE LOOKING GLASS® Mark constitutes common law trademark, which is owned by Plaintiff, and has been extensively advertised and promoted. Plaintiff's common law trademark is recognized throughout worldwide trading areas and channels of trade as distinctive and is identified by the purchasing public with Plaintiff.

58.     By virtue of the acts complained of herein, Defendants have willfully and intentionally caused a likelihood of confusion among the purchasing public in this Judicial District and elsewhere, thereby unfairly competing with Plaintiff in violation of the common law of the state of California.

59.     Defendants aforementioned acts have damaged Plaintiff in an amount to be determined at trial.

60.     Defendants have irreparably injured Plaintiff. Such irreparable injury will continue unless Defendants are preliminarily and permanently enjoined by this Court from further violation of Plaintiff's rights, for which Plaintiff has no adequate remedy at law.

## FIFTH CLAIM FOR RELIEF

### (California Statutory Unfair Competition)

61.     Plaintiff hereby repeats, re-alleges, and incorporates by reference paragraphs 1-60 of this Complaint as though fully set forth herein.

62.     This is a claim for unfair competition, arising under California Business and Professions Code § 17200, *et seq.* and California common law.

63.     Defendants' acts complained of herein, constitute unfair competition with Plaintiff under California Business and Professions Code § 17200, *et seq.*

1   Defendants' acts constitute unlawful, unfair, malicious or fraudulent business

2   practices.

3      64.   By its actions, Defendants have irreparably injured Plaintiff. Such

4   irreparable injury will continue unless Defendants are preliminarily and

5   permanently enjoined by this Court from further violation of Plaintiff's rights.

6                              **PRAYER FOR RELIEF**

7      **WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

8      A.   That the Court render a final judgment in favor of Plaintiff and against

9   Defendants on the First and Second Claims for Relief, and against Defendants on

10   the Third through Sixth Claims for Relief;

11      B.   That the Court render a final judgment that Defendants have violated

12   the provisions of 15 U.S.C. § 1125(a) by willfully infringing the ALICE

13   THROUGH THE LOOKING GLASS® Marks and by using a false designation of

14   origin, false description or false representation through the marketing, same and

15   promotion of Defendants; accused goods and services;

16      C.   That the Court render a final judgment that Defendants have willfully

17   violated the provisions of 15 U.S.C. § 1114 by infringing Plaintiff's trademark

18   rights in at least the marks that are the subject of U.S. Trademark Registration Nos.

19   4,623,589, 4,880,037, 4,962,932, 5,017,105, and 5,036,457;

20      D.   That the Court render a final judgment that Defendants have unfairly

21   competed with Plaintiff in violation of California law;

22      E.   That the Court render a final judgment that Defendants have infringed

23   Plaintiff's trademarks under the common law.

24      F.   That the Court render a final judgment that Defendants have unfairly

25   competed with Plaintiff in violation of California and Professions Code § 17200, *et*

26   *seq.*;

27      G.   That Defendants, its agents, servants, employees, attorneys,

28   successors, licensees, and assigns, and all other persons in active concert or

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

1  participation with any of them who receive actual notice of the injunction by
2  personal service or otherwise, be forthwith preliminarily and permanently enjoined
3  in any jurisdiction lawfully regulated by Congress from:

4        a.   Using the ALICE THROUGH THE LOOKING GLASS® Marks,
5  in connection with Defendants' goods and services, using the ALICE THROUGH
6  THE LOOKING GLASS® Marks in advertising or promoting Defendants' goods
7  and services, and/or using confusingly similar variations of thereof in any manner
8  that is likely to create the impression that Defendants' goods and/or services
9  originate from, are endorsed by Plaintiff, or are connected in any way with Plaintiff;

10        b.   Manufacturing, distributing, shipping, importing, reproducing,
11  displaying, advertising, marketing, promoting, transferring, selling, and/or offering
12  to sell and goods or services bearing ALICE THROUGH THE LOOKING
13  GLASS® Marks, and/or any confusingly similar marks;

14        c.   Otherwise infringing the ALICE THROUGH THE LOOKING
15  GLASS® Marks;

16        d.   Falsely designating the origin of Defendants' goods and services;

17        e.   Unfairly competing with Plaintiff in any manner whatsoever; and

18        f.   Causing a likelihood of confusion or injury to Plaintiff's business
19  reputation;

20      H.     That Defendants be directed to file with this Court and serve on
21  Plaintiff within thirty (30) days after the service of the injunction, a report, in
22  writing, under oath, setting forth in detail the manner and form in which it has
23  complied with the injunction pursuant to 15 U.S.C. § 1116;

24      I.     That Defendants be required to account to Plaintiff for any and all
25  profits derived by Defendants and all damages sustained by Plaintiff by virtue of
26  Defendants' acts complained of herein;

27      J.     That Defendants be ordered to pay over to Plaintiff all damages which
28  Plaintiff has sustained as a consequence of the acts complained of herein, subject to

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

proof at trial, together with prejudgment and post-judgment interest;

K. That Plaintiff be awarded treble damages pursuant to 15 U.S. C. § 1117;

L. That Plaintiff be awarded exemplary damages from Defendants pursuant to Cal. Civ. Code. § 3294;

M. That Defendants' actions be deemed willful;

O. That an award of reasonable costs, expenses, and attorneys' fees be awarded to Plaintiff pursuant to at least 15 U.S.C. § 1117;

P. That Defendants be required to deliver and destroy all devices, literature, advertising, goods and other materials bearing the infringing marks pursuant to 15 U.S.C. § 1118;

Q. That Plaintiff be awarded such other and further relief as this Court may deem just and proper.

DATED: January 11, 2017       **ROBINS KAPLAN LLP**

By: /s/ Roman M. Silberfeld
        Roman M. Silberfeld

**ATTORNEYS FOR PLAINTIFF
ALICE LOOKING LTD.**

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury on all issues asserted herein as may be triable to a jury.

DATED: January 11, 2017          **ROBINS KAPLAN LLP**

By:  /s/ Roman M. Silberfeld
          Roman M. Silberfeld

**ATTORNEYS FOR PLAINTIFF**
**ALICE LOOKING LTD.**

# EXHIBIT A

# United States of America

## United States Patent and Trademark Office

## *Alice Through The Looking Glass*

**Reg. No. 4,623,589**
**Registered Oct. 21, 2014**

JO HUMPHRIS (UNITED KINGDOM INDIVIDUAL)
3 NEWHALL GARDENS, WALTON ON THAMES
SURREY, UNITED KINGDOM K T123LZ AND

**Int. Cl.: 35**

JAKE FIOR (UNITED KINGDOM INDIVIDUAL)
3 NEWHALL GARDENS, WALTON ON THAMES
SURREY, UNITED KINGDOM KT123LZ

**SERVICE MARK**

**PRINCIPAL REGISTER**

FOR: DEMONSTRATION OF GOODS; ONLINE RETAIL STORE OUTLET SERVICES FEA-
TURING BOOKS, ART PRINTS, STATIONERY, BOARD GAMES, EYEGLASSES AND
SUNGLASSES ACCESSIBLE VIA ONLINE MAIL ORDER CATALOGS; RETAIL STORE
SERVICES FEATURING CLOTHING AND APPAREL; RETAIL GIFT STORE SERVICES;
RETAIL AND ONLINE RETAIL STORE SERVICES FEATURING A WIDE VARIETY OF
CONSUMER GOODS; ONLINE RETAIL GIFT SHOPS; ONLINE RETAIL STORE SERVICES
FEATURING DOWNLOADABLE ELECTRONIC BOOKS; ONLINE RETAIL STORE SERVICES
FEATURING DOWNLOADABLE PRE-RECORDED MUSIC AND VIDEO; ONLINE RETAIL
STORE SERVICES FEATURING DOWNLOADABLE VIDEO AND GAME FILES IN DIGITAL
FORMAT FEATURING SOUND, MUSIC AND IMAGES; ONLINE RETAIL STORE SERVICES
FEATURING A WIDE VARIETY OF CONSUMER GOODS; PROVIDING AN ONLINE
COMMERCIAL INFORMATION DIRECTORY; RETAIL GIFT SHOPS; RETAIL STORE
SERVICES FEATURING A WIDE VARIETY OF CONSUMER GOODS; RETAIL STORE
SERVICES FEATURING DIGITAL MEDIA, NAMELY, PRE-RECORDED VIDEO CASSETTES,
DIGITAL VIDEO DISCS, DIGITAL VERSATILE DISCS, DOWNLOADABLE AUDIO AND
VIDEO RECORDINGS, DVDS, HIGH DEFINITION DIGITAL DISCS, AND AUDIO BOOKS;
RETAIL STORE OUTLETS FEATURING ART, BOOKS, COLLECTIBLES, MEMORABILIA
AND OTHER ONE-OF-KIND ITEMS; RETAIL STORE SERVICES FEATURING ORNAMENT-
AL OBJECTS AND OBJECTS D'ART, NAMELY, ARTWORK, ARTWORK REPRODUCTIONS,
PAINTINGS, SKETCHES, REPRODUCTION PIECES SUCH AS SCULPTURES, MODELS,
AND MAPS; RETAIL STORES FEATURING PRINTS, RELIEF PATTERNS, PHOTOGRAPHIC
AND GRAPHIC IMAGES APPLIED TO BOARD, CARD, PAPER, PARCHMENT, PLASTIC,
AND METAL SURFACES, TOY MODEL HOBBYCRAFT KITS, TOYS, GAMES, BOARD
GAMES, KEYS, KEY RINGS, ORNAMENTS IN THE NATURE OF HAIR ORNAMENTS,
HAIR BANDS, AND CHRISTMAS TREE ORNAMENTS, HOROLOGICAL AND CHRONO-
METRIC INSTRUMENTS, JEWELRY, TRINKETS OR FOBS, PAPER, CARDBOARD AND
GOODS MADE FROM THESE MATERIALS, PRINTED MATTER, PHOTOGRAPHS, STA-
TIONERY, ANNUAL ATLASES, ATLASES, BOOKS, BOOK COVERS, BOOK MARKS,
CALENDARS, COMICS, MAGAZINES, NEWSPAPERS, PERIODICALS, JOURNALS, MAPS,



*Michelle K. Lee*

**Deputy Director of the United States**
**Patent and Trademark Office**

**Reg. No. 4,623,589** POSTERS, STATIONERY, GRAPHIC PRINTS, GRAPHIC REPRODUCTIONS, HAT BOXES OF CARDBOARD, INKWELLS, LITHOGRAPHIC WORKS OF ART, LITHOGRAPHS, PHO-TOGRAPHIC REPRODUCTIONS, PRINTS, ENGRAVINGS, RELIEFS, STENCILS, STICKERS, WRITING INSTRUMENTS, WRITING TABLETS, STATUES, STATUETTES, FIGURINES, ART WORKS OF STONEMASONRY, FURNITURE, MIRRORS, PICTURE FRAMES, BOOK RESTS, BOXES OF WOOD OR PLASTIC, CHESTS, COSTUME STANDS, DECORATIVE MODEL FIGURES AND OBJECTS D'ART MADE OF PLASTER, PLASTIC AND PLASTICS MATERIALS, WOOD AND SYNTHETIC RESIN, HOUSEHOLD UTENSILS AND CONTAIN-ERS MADE OF GLASSWARE, PORCELAIN, AND EARTHENWARE; PROVIDING CON-SUMER PURCHASE INFORMATION IN THE FIELD OF ART OBJECTS; BUSINESS MAN-AGEMENT CONSULTING SERVICES IN CONNECTION WITH PERSONNEL AND RETAIL SALES MATTERS FEATURING STRATEGY, MARKETING, AND PRODUCTION ADVICE, IN CLASS 35 (U.S. CLS. 100, 101 AND 102).

OWNER OF ERPN CMNTY TM OFC REG. NO. 011048816, DATED 4-22-2013, EXPIRES 7-17-2022.

THE MARK CONSISTS OF THE WORDING "ALICE THROUGH THE LOOKING GLASS" IN A STYLIZED FONT.

SER. NO. 86-083,535, FILED 10-4-2013.

RUSS HERMAN, EXAMINING ATTORNEY

---

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL
TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE
DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

---

**Requirements in the First Ten Years\***
**What and When to File:**

> ***First Filing Deadline:*** You must file a Declaration of Use (or Excusable Nonuse) between the
> 5th and 6th years after the registration date. *See* 15 U.S.C. §§1058, 1141k. If the declaration is
> accepted, the registration will continue in force for the remainder of the ten-year period, calculated
> from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a
> federal court.

> ***Second Filing Deadline:*** You must file a Declaration of Use (or Excusable Nonuse) **and** an
> Application for Renewal between the 9th and 10th years after the registration date.\*
> *See* 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods\***
**What and When to File:**

> You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between
> every 9th and 10th-year period, calculated from the registration date.\*

**Grace Period Filings\***

The above documents will be accepted as timely if filed within six months after the deadlines listed above
with the payment of an additional fee.

---

**The United States Patent and Trademark Office (USPTO) will NOT send you any future notice or
reminder of these filing requirements.**

---

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:** The holder of an international registration with
an extension of protection to the United States under the Madrid Protocol must timely file the Declarations
of Use (or Excusable Nonuse) referenced above directly with the USPTO. The time periods for filing are
based on the U.S. registration date (not the international registration date). The deadlines and grace periods
for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations.
*See* 15 U.S.C. §§1058, 1141k. However, owners of international registrations do not file renewal applications
at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the
International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol,
before the expiration of each ten-year term of protection, calculated from the date of the international
registration. *See* 15 U.S.C. §1141j. For more information and renewal forms for the international registration,
see http://www.wipo.int/madrid/en/.

**NOTE:** Fees and requirements for maintaining registrations are subject to change. Please check the
USPTO website for further information. With the exception of renewal applications for registered
extensions of protection, you can file the registration maintenance documents referenced above online
at http://www.uspto.gov.

Page: 3 / RN # 4,623,589

Exhibit A, Page 18

# EXHIBIT B

# United States of America

### United States Patent and Trademark Office

## *Alice Through The Looking Glass*

**Reg. No. 4,880,037**

**Registered Jan. 5, 2016**

**Int. Cls.: 16 and 28**

**TRADEMARK**

**PRINCIPAL REGISTER**

JO HUMPHRIS (UNITED KINGDOM INDIVIDUAL)
ALICE THROUGH THE LOOKING GLASS
14 CECIL COURT
LONDON, UNITED KINGDOM WC2N4HE AND

JAKE FIOR (UNITED KINGDOM INDIVIDUAL)
ALICE THROUGH THE LOOKING GLASS
14 CECIL COURT
LONDON, UNITED KINGDOM WC2N4HE

FOR: ART ETCHINGS; ART PICTURES; ART PICTURES ON CANVAS; ART PRINTS; ART PRINTS ON CANVAS; BOOKMARKS; CARTOON PRINTS; CHRISTMAS CARDS; COLOR PRINTS; ENVELOPES; GICLEE PRINTS; GIFT WRAP PAPER; GRAPHIC ART PRINTS; GRAPHIC FINE ART PRINTS; GRAPHIC PRINTS AND REPRESENTATIONS; LITHOGRAPHIC PRINTS; NOTE CARDS; NOTEBOOKS; NOTEPADS; PAPER GIFT TAGS; PAPER NAPKINS; PENCIL BOXES; PENCIL CASES; PHOTOGRAPHIC PRINTS; PICTORIAL PRINTS; POSTERS; STATIONERY, IN CLASS 16 (U.S. CLS. 2, 5, 22, 23, 29, 37, 38 AND 50).

FOR: ACTION SKILL GAMES; ACTION TARGET GAMES; BACKGAMMON GAMES; BOARD GAMES; BUILDING GAMES; CARD GAMES; CHECKERS GAMES; CHESS GAMES; CHESS PIECES; CHESS SETS; CHILDREN'S PLAY COSMETICS; DART GAMES; DICE GAMES; EDUCATIONAL CARD GAMES; GAME CARDS; HORSESHOE GAMES; MANIPULATIVE GAMES; MARBLES FOR GAMES; MEMORY GAMES; PADDLE BALL GAMES; PARLOR GAMES; PARTY GAMES; PINBALL GAMES; PLAYING CARDS; PLAYING CARDS AND CARD GAMES; RING GAMES; ROLE PLAYING GAMES; TABLETOP GAMES; TARGET GAMES; TRADING CARD GAMES; TRIVIA GAME PLAYED WITH CARDS AND GAME COMPONENTS, IN CLASS 28 (U.S. CLS. 22, 23, 38 AND 50).

OWNER OF UNITED KINGDOM REG. NO. 2607431, DATED 1-18-2012, EXPIRES 1-18-2022.

OWNER OF U.S. REG. NO. 4,623,589.

THE MARK CONSISTS OF THE WORDING "ALICE THROUGH THE LOOKING GLASS" IN A STYLIZED FONT.

SER. NO. 86-570,899, FILED 3-20-2015.



*Michelle K. Lee*

Director of the United States
Patent and Trademark Office

**Reg. No. 4,880,037**  ANNIE NOBLE, EXAMINING ATTORNEY

Page: 2 / RN # 4,880,037

Exhibit B, Page 20

---

## REQUIREMENTS TO MAINTAIN YOUR FEDERAL TRADEMARK REGISTRATION

## WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.

---

**Requirements in the First Ten Years***
**What and When to File:**

> *First Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date. *See* 15 U.S.C. §§1058, 1141k. If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

> *Second Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between the 9th and 10th years after the registration date.*
> *See* 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods***
**What and When to File:**

> You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.*

**Grace Period Filings***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:** The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the United States Patent and Trademark Office (USPTO). The time periods for filing are based on the U.S. registration date (not the international registration date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations. *See* 15 U.S.C. §§1058, 1141k. However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration. *See* 15 U.S.C. §1141j. For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE:** Fees and requirements for maintaining registrations are subject to change. Please check the USPTO website for further information. With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at http://www.uspto.gov.

**NOTE:** A courtesy e-mail reminder of USPTO maintenance filing deadlines will be sent to trademark owners/holders who authorize e-mail communication and maintain a current e-mail address with the USPTO. To ensure that e-mail is authorized and your address is current, please use the Trademark Electronic Application System (TEAS) Correspondence Address and Change of Owner Address Forms available at http://www.uspto.gov.

Page: 3 / RN # 4,880,037

Exhibit B, Page 21

# EXHIBIT C

# United States of America

## United States Patent and Trademark Office

## *Alice Through The Looking Glass*

**Reg. No. 4,962,932**
**Registered May 24, 2016**

ALICE LOOKING LTD. (UNITED KINGDOM JOINT OWNERSHIP)
14 CECIL COURT
LONDON, UNITED KINGDOM WC2N4HE

**Int. Cl.: 30**

FOR: CANDY; CANDY BARS; CHOCOLATE; CHOCOLATE BARS; CHOCOLATE CANDIES;
CHOCOLATE CONFECTIONS, IN CLASS 30 (U.S. CL. 46).

**TRADEMARK**

FIRST USE 9-27-2015; IN COMMERCE 9-27-2015.

**PRINCIPAL REGISTER**

THE MARK CONSISTS OF THE WORDING "ALICE THROUGH THE LOOKING GLASS"
IN A STYLIZED FONT.

SER. NO. 86-701,483, FILED 7-22-2015.

SIDDHARTH JAGANNATHAN, EXAMINING ATTORNEY



Director of the United States
Patent and Trademark Office

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

**Requirements in the First Ten Years\***
**What and When to File:**

> *First Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date. *See* 15 U.S.C. §§1058, 1141k. If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

> *Second Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between the 9th and 10th years after the registration date.\*
> *See* 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods\***
**What and When to File:**

> You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.\*

**Grace Period Filings\***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:** The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the United States Patent and Trademark Office (USPTO). The time periods for filing are based on the U.S. registration date (not the international registration date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations. *See* 15 U.S.C. §§1058, 1141k. However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration. *See* 15 U.S.C. §1141j. For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE:** Fees and requirements for maintaining registrations are subject to change. Please check the USPTO website for further information. With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at http://www.uspto.gov.

**NOTE:** A courtesy e-mail reminder of USPTO maintenance filing deadlines will be sent to trademark owners/holders who authorize e-mail communication and maintain a current e-mail address with the USPTO. To ensure that e-mail is authorized and your address is current, please use the Trademark Electronic Application System (TEAS) Correspondence Address and Change of Owner Address Forms available at http://www.uspto.gov.

# EXHIBIT D

# United States of America

## United States Patent and Trademark Office

### ALICE THROUGH THE LOOKING GLASS

**Reg. No. 5,017,105**

**Registered Aug. 09, 2016**

**Int. Cl.: 25**

**Trademark**

**Principal Register**

Alice Looking Ltd. (UNITED KINGDOM limited company (ltd.) )
14 Cecil Court
London UNITED KINGDOM WC2N4HE

CLASS 25: Ankle boots; Ankle socks; Athletic tights; Athletic shoes; Bandanas; neckerchiefs; Basketball sneakers; Bath slippers; Bathing costumes for women; Bathing suit cover-ups; Bathrobes; Beach wraps; Beachwear; Belts made of leather; Belts made out of cloth; Bikinis; Blazers; Blouses; Blouson jackets; Boas; Body suits; Body warmers, namely, ear warmers, knee warmers, neck warmers, and leg-warmers; Boots; Boots for motorcycling; Bow ties; Bras; Brassieres; Bridal gowns; Bridal wear, namely, dresses, veils, corsets, and undergarments; Bridesmaid dresses; Caftans; Camisoles; Canvas shoes; Capes; Caps with visors; Chemise tops; Coats made of cotton; Coats of denim; Top coats; Cocktail dresses; Corsets; Halloween costumes; Costumes for use in dress up play; Masquerade Costumes; Cotton coats; Cravats; Culottes; Dance shoes; Denim jackets; Denims; Dresses; Dresses for evening wear; Dressing gowns; Esparto shoes or sandals; Evening dresses; Evening gowns; Evening wear, namely, tuxedos, blazers, and evening dresses; Fashion hats; Fleece pullovers; Footwear for women; Footwear not for sports; Fur coats; Fur coats and jackets; Fur hats; Garters; Gilets; Gloves; Gowns; G-strings; Gym shorts; Half-boots; Paper hats for clothing; Headbands; Headbands against sweating; Headscarves; Headsquares; Heels for shoes; High-heeled shoes; Hooded pullovers; Hooded sweatshirts; Jackets; Kimonos; Jerkins; Jerseys; Jogging bottoms; Jogging pants; Jogging suits; Jogging tops; Jump Suits; Jumpers; Kerchiefs; Knee-high stockings; Knickers; Knit shirts; Knitted gloves; Ladies' footwear; Ladies' underwear; Leather clothing, namely, boots, coats, harnesses worn by people as clothing, hats, headwear, jackets, pants, shirts, skirts, vests, and suits; Leather shoes; Leggings; Leotards; Long sleeve pullovers; Long sleeved vests; Mackintoshes; Men's socks; Men's suits; Millinery, namely, fascinators and fashion hats; Money belts; Muffs; Mules; Night gowns; Nightcaps; Nightshirts; Pajamas; Panties; Pinafore dresses; Pique shirts; Pirate pants; Plus fours; Polo shirts; Polo sweaters; Ponchos; Pop socks; Rain coats; Rain hats; Rainshoes; Running shoes; Running vests; Sailor suits; Sandals and beach shoes; Sarees; Scarfs; Scarves; Shawls; Shirts; Shoes; Shorts; Short-sleeved shirts; Shoulder scarves; Shoulder wraps; Ski pants; Skirts; Slacks; Sleeved jackets; Sleeveless jackets; Socks; Suede jackets; Sweatbands; Sweaters; Sweatsuits; Tank tops; Tank-tops; Tee-shirts; Top hats; Track pants; Trenchcoats; Trousers; Under shirts; Underclothes; Underclothing for women; Uniforms; Vests; Wellington boots; Women's shoes; Woollen socks; Woollen tights; all of the aforesaid goods being for men and women

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT STYLE, SIZE OR COLOR

PRIORITY CLAIMED UNDER SEC. 44(D) ON UNITED KINGDOM APPLICATION NO. UK0003115132, FILED 06-26-2015, REG. NO. UK0000311513, DATED 10-02-2015, EXPIRES 06-26-2025



*Michelle K. Lee*

Director of the United States
Patent and Trademark Office

SER. NO. 86-851,260, FILED 12-16-2015

DAVID COREY MAYER, EXAMINING ATTORNEY

Exhibit D, Page 25

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

**Requirements in the First Ten Years***
**What and When to File:**

- *First Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date. See 15 U.S.C. §§1058, 1141k. If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

- *Second Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between the 9th and 10th years after the registration date.* See 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods***
**What and When to File:**

- You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.*

**Grace Period Filings***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:** The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the United States Patent and Trademark Office (USPTO). The time periods for filing are based on the U.S. registration date (not the international registration date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations. See 15 U.S.C. §§1058, 1141k. However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration. See 15 U.S.C. §1141j. For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE:** Fees and requirements for maintaining registrations are subject to change. Please check the USPTO website for further information. With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at h ttp://www.uspto.gov.

**NOTE:** A courtesy e-mail reminder of USPTO maintenance filing deadlines will be sent to trademark owners/holders who authorize e-mail communication and maintain a current e-mail address with the USPTO. To ensure that e-mail is authorized and your address is current, please use the Trademark Electronic Application System (TEAS) Correspondence Address and Change of Owner Address Forms available at http://www.uspto.gov.

Exhibit D, Page 26

# EXHIBIT E

# United States of America

## United States Patent and Trademark Office

## ALICE THROUGH THE LOOKING GLASS

**Reg. No. 5,036,457**

**Registered Sep. 06, 2016**

**Int. Cl.: 14**

**Trademark**

**Principal Register**

Alice Looking Ltd. (UNITED KINGDOM limited company (ltd.) )
14 Cecil Court
London UNITED KINGDOM WC2N4HE

CLASS 14: Costume jewelry; Enamelled jewelry; Jewelry of precious metals; Jewelry, namely, crosses; Lapel pins; Rings being jewelry; Jewelry cases; Jewelry boxes; Precious stones; Amulets being jewelry; Articles of jewelry made of precious metal alloys; Articles of jewelry made of precious metals; Chains made of precious metals; Gold jewelry; Gold plated brooches; Imitation jewelry ornaments; Jewelry; Jewelry chain; Jewelry chain of precious metal for anklets; Jewelry chain of precious metal for bracelets; Jewellery coated with precious metal alloys; Jewelry coated with precious metals; Jewelry containing gold; Jewellery in non-precious metals; Jewelry in the form of beads; Jewelry incorporating diamonds; Jewelry incorporating pearls; Jewelry made from silver; Jewelry made of crystal; Jewelry made of crystal coated with precious metals; Jewelry made of non-precious metal; Jewelry made of plastics; Jewelry made of precious stones; Jewelry made of semi-precious materials; Jewelry ornaments; Jewelry rope chain for anklets; Jewelry rope chain for bracelets; Pendants; Personal jewellery; Pins being jewelry; Rope chain made of common metal for use in jewelry

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT STYLE, SIZE OR COLOR

PRIORITY CLAIMED UNDER SEC. 44(D) ON UNITED KINGDOM APPLICATION NO. UK0000312073, FILED 08-03-2015, REG. NO. UK0000312073, DATED 01-01-2016, EXPIRES 08-03-2025

SER. NO. 86-895,844, FILED 02-03-2016
DAVID COREY MAYER, EXAMINING ATTORNEY



*Michelle K. Lee*

Director of the United States
Patent and Trademark Office

---

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

---

**Requirements in the First Ten Years***
**What and When to File:**

- *First Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date. See 15 U.S.C. §§1058, 1141k. If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

- *Second Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between the 9th and 10th years after the registration date.* See 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods***
**What and When to File:**

- You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.*

**Grace Period Filings***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:** The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the United States Patent and Trademark Office (USPTO). The time periods for filing are based on the U.S. registration date (not the international registration date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations. See 15 U.S.C. §§1058, 1141k. However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration. See 15 U.S.C. §1141j. For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE:** Fees and requirements for maintaining registrations are subject to change. Please check the USPTO website for further information. With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at h ttp://www.uspto.gov.

**NOTE:** A courtesy e-mail reminder of USPTO maintenance filing deadlines will be sent to trademark owners/holders who authorize e-mail communication and maintain a current e-mail address with the USPTO. To ensure that e-mail is authorized and your address is current, please use the Trademark Electronic Application System (TEAS) Correspondence Address and Change of Owner Address Forms available at http://www.uspto.gov.

Exhibit E, Page 28